# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50948
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAVIER LEOPOLDO MARTINEZ-CRUZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-524

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Javier Leopoldo Martinez-Cruz pleaded guilty to a single count of illegal reentry after removal, in violation of 8 U.S.C. § 1326. The district court imposed a sentence of 66 months' imprisonment, which was within the applicable advisory sentencing range under the Sentencing Guidelines. Martinez challenges the substantive reasonableness of his sentence, asserting it is greater than necessary to achieve the sentencing goals of 18 U.S.C.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

§ 3553(a). (Martinez twice objected in district court to the court's application of the 16-level enhancement for being previously deported following a conviction for a crime of violence, U.S.S.G. § 2L1.2(b)(1)(A)(ii); but, he does not raise this issue here.  He has, therefore, abandoned it.)

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Martinez does not claim procedural error.

A within-Guidelines-sentencing range sentence is entitled to a presumption of reasonableness.  *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

As Martinez concedes, his claim that the presumption should not apply because Guideline § 2L1.2 is not empirically based is foreclosed.  *E.g., United States v. Mondragon-Santiago,* 564 F.3d 357, 366–67 (5th Cir. 2009).  (He raises the issue only to preserve it for possible review in the future.)  Likewise, our court has rejected similar contentions to those made by Martinez that the Guideline provisions are not based on "empirical data" because they "double count" prior offenses, and because illegal reentry offenses are at most only

No. 14-50948

nonviolent international trespasses. *See, e.g., United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

The court heard and considered Martinez' allocution, which included his new understanding of the penalties for illegal reentry, his long-term residence in the United States, and his desire to see his children.  During sentencing, the court noted Martinez' criminal history, the violent nature of some of his convictions (as referenced *supra*), and his disregard of warnings regarding reentry.  Martinez' claims amount to a disagreement over the court's weighing of the § 3553(a) factors and are insufficient to rebut the presumption of reasonableness that attaches to his sentence.  *E.g., Cooks,* 589 F.3d at 186.

AFFIRMED.